**In the Matter of the ALASKA BAR ASSOCIATION, Petitioner,**

v.

**Robert F. MARTIN, Respondent.**

**No. 2495.**

Supreme Court of Alaska.

July 14, 1975.

---

17. 48 N.Y.U.L.Rev. 670 at 705.

## OPINION

### ORDER

This case comes before the Supreme Court under the provisions of Rule 16(c) of the Alaska Bar Rules for review of recommendations of the Board of Governors of the Alaska Bar Association that respondent be suspended from the practice of law for a period of sixty months for acts of professional misconduct in violation of the Code of Professional Responsibility.[1] We have made an independent review of the record herein and find that there is undisputed evidence of the acts of misconduct charged and that respondent had not appeared before the Trial Committee of the Alaska Bar Association or in this Court to dispute the evidence or to explain his conduct,[2] therefore,

By direction of the Court,

It is ordered that the findings and recommendations of the Alaska Bar Association are affirmed and respondent is sus-

pended from the practice of law in the State of Alaska for a period of sixty months commencing from the date of the issuance of the mandate of this Court.[3]

1. Respondent was charged and found to have accepted a fee for services he did not perform thus causing a default judgment to be entered against his client in violation of Canon 6 of the Code of Professional Responsibility. Respondent was charged and was found to have converted the sum of $1,675.00 belonging to a client in violation of Canon 9 of the Code of Professional Responsibility.

2. Respondent was served personally with notice of the Trial Committee hearing and the findings of the Trial Committee. Respondent signed a written stipulation permitting the

Board of Governors of the Alaska Bar Association to consider the findings without the submission of briefs pursuant to Rule 16(c) of the Alaska Bar Rules. Respondent received notice of the decision of the Alaska Bar Association and notice that the matter would be considered on the record by the Supreme Court unless he filed written memoranda.

3. Any Petition for Reinstatement after the sixty month period must contain proof that reimbursement of funds wrongfully received has been made.